**Richard K. RICHARDS, Appellant,**

**v.**

**HARDIN COUNTY BOARD OF REVIEW, Appellee.**

No. 85–1621.

Supreme Court of Iowa.

Sept. 17, 1986.

Rehearing Denied Oct. 20, 1986.

Richard K. Richards, pro se.

Jon E. Heitland, Co. Atty., and James L. Beres, Asst. Co. Atty., for appellee.

CARTER, Justice.

Plaintiff Richard K. Richards appeals from a district court judgment upholding the tax assessment valuations of his farm property. These valuations involve four separate forty-acre tracts in Hardin County. The assessor's valuations were confirmed by the appellee board of review, and the district court refused to grant relief from the board's determination.

Plaintiff makes three contentions in his appeal. These are: (1) that the district court should have found that he offered competent evidence of at least two disinterested witnesses so as to shift the burden of proof on valuation to the board of review; (2) that the district court improperly refused to accord any weight to the property owner's own testimony on the valuation issues; and (3) that the district court failed to make an independent de novo determination of the valuation issues as required by Iowa Code sections 441.39, .43 (1985).

We find no merit in plaintiff's first contention. Although we find some merit in his other contentions, our de novo review of the evidence does not suggest that the assessments were improper. We therefore affirm the judgment. Facts essential to our resolution of the issues will be stated in our consideration of the legal claims presented.

## I. *Shifting the Burden of Proof.*

Plaintiff urges that the evidence he presented in the district court was sufficient to shift the burden of proof on all valuation issues to the board of review. The district court disagreed with that contention and so do we. The "burden of proof" argument is based on Iowa Code section 441.21(3) (1985) which provides, in part:

> The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable or capricious; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed.

The applicability of section 441.21(3) to the present case depends on whether plaintiff offered competent evidence by at least two disinterested witnesses that, under the appropriate criteria, the value of the property is less than the value determined by the assessor.[1] Plaintiff testified personally. He indicated that, in his opinion, the valuation of his property was not equitable in comparison to the assessments of similar tracts with which he claimed to be familiar. Plaintiff concedes that he is not a disinterested witness so as to be counted in the determination of whether the burden of proof should shift. The only other witness the plaintiff called at trial was one of three inheritance tax appraisers for Hardin County. That witness testified concerning appraisals of property in various estates, including estates through which the properties involved in the present litigation have passed. He identified written appraisals, signed by himself and the other two appraisers, which were received in evidence.

Plaintiff urges that because the other two appraisers approved the valuations shown in these exhibits the evidence presented should, in the aggregate, be considered to be that of three disinterested witnesses rather than a single witness. This presents a very close issue of statutory interpretation. The word "witnesses" may be interpreted broadly as persons having knowledge of the facts, *see In re Es-*

---

1. In applying the provisions of section 441.21(3) quoted above, we accept the proposition that, where applicable, competent evidence of pro- ductivity valuations under section 441.21(1)(e) by two disinterested witnesses will serve the same purpose as evidence of market value.

*tate of Harter,* 229 Iowa 238, 247, 294 N.W. 357, 362 (1940), or narrowly as persons who appear and testify under oath at a particular proceeding, *see People v. Rissman,* 154 Cal.App.2d 265, 276, 316 P.2d 60, 69–70 (1957); *State v. Schifsky,* 243 Minn. 533, 539, 69 N.W.2d 89, 93 (1955). The district court determined that the word "witnesses" as employed in section 441.-21(3) had the latter meaning and that plaintiff had presented the evidence of only one disinterested witness.

Some support for the broader interpretation exists in the fact that section 441.21(3) is written so as to apply to proceedings before the board of review as well as to judicial hearings. Hearings before local boards of review are often informal in nature with no requirement in the statutes that witnesses be sworn. We find it unnecessary, however, to resolve this issue in the present case. Whatever the situation may be concerning the quantitative requirements of the statute, plaintiff's evidence clearly falls short of meeting the qualitative requirements for shifting the burden of proof.

■ Assuming the written appraisal represents the competent evidence of all three inheritance tax appraisers, even though only one actually testified at the trial, it is insufficient by itself to support plaintiff's claim that the value of the property is less than the value determined by the assessor or is inequitable in comparison to assessments of similar tracts. The only apparent connection between the written appraisal and plaintiff's valuation challenge is that it provided foundational facts upon which plaintiff's personal opinion as to the alleged valuation disparities could be based. Mere foundation evidence, which by itself will not support a finding of valuation error, is not the type of evidence which may be used to shift the burden of proof under section 441.21(3). The district court did not err in refusing to shift the burden of proof.

II. *Failure to Make an Independent Determination of the Valuation Issues.*

■ We consider plaintiff's second and third claims of error together because they are closely related. He contends that, even if his evidentiary showing was insufficient to shift the burden of proof to the board of review, the district court was required to weigh the evidence in its totality and make an independent determination on the valuation issues. We agree with this description of the district court's role in the trial of assessment cases. *See, e.g., Equitable Life Insurance Co. v. Board of Review,* 281 N.W.2d 821, 827 (Iowa 1979); *Bartlett & Co. Grain v. Board of Review,* 253 N.W.2d 86, 89 (Iowa 1977). In the present case, the district court resolved the burden of proof issue against the plaintiff and then concluded its written decision as follows:

> The plaintiff testified in his own behalf. Is plaintiff a disinterested witness? This court concludes he is not.... [P]laintiff has attempted to show throughout the trial a method to compute a lower valuation.... [P]laintiff's testimony is not credible since he has a pecuniary interest at stake. Because only one witness was competent to testify, plaintiff has failed to satisfy his burden of proof [citing section 441.21(3) ].

We believe this statement by the court misinterprets the legal consequences of being an interested witness under section 441.21(3). This circumstance does not affect the competency of the witness. It only means that the witness's testimony may not be considered in determining whether the burden of proof shifts to the board of review. It does not mean that the witness's testimony may not be considered on the merits of the issues presented.

■ We do not, however, remand the matter to the district court for additional findings as the plaintiff has requested. We are empowered to decide the ultimate issues involved de novo on appeal. *Equitable Life Insurance Co. v. Board of Review,* 281 N.W.2d at 827. In making such determinations, we are guided by the principle that no presumption of validity is to be accorded the challenged valuation. *See Tiffany v. County Board of Review,*

188 N.W.2d 343, 347 (Iowa 1971); *James Black Dry Goods Co. v. Board of Review*, 260 Iowa 1269, 1276, 151 N.W.2d 534, 538 (1967). Nevertheless, because the property owner has not effectively shifted the burden of proof, he must establish by a preponderance of evidence that the challenged valuation is excessive, inadequate, inequitable or capricious. *Wunschel v. Board of Review*, 217 N.W.2d 576, 578 (Iowa 1974). Viewed in this light, we believe that the evidence as a whole fails to establish that any of the challenged assessments are too high or are otherwise inequitable.

Plaintiff's arguments are based primarily on his own views concerning the relative values of his property and property which he deems to be comparable thereto. Our review of his evidence, however, leads to the conclusion that it is fatally deficient with regard to those factors of productivity and earning capacity which must be considered in evaluating agricultural real estate under section 441.21(3). Neither the valuations undertaken by the inheritance tax appraisers nor the comparisons drawn in plaintiff's own testimony purport to take account of those factors required to be considered by this statute. These deficiencies in plaintiff's proof deprive his arguments of persuasive effect. We have considered all claims advanced and find no basis for disturbing the judgment of the district court.

AFFIRMED.