Rosamond J. ROSS, Appellee,

v.

BOARD OF REVIEW OF the CITY OF IOWA CITY, Iowa, Appellant.

No. 86–1270.

Supreme Court of Iowa.

Jan. 20, 1988.

Richard J. Boyle and David E. Brown, Asst. City Attys., Iowa City, for appellant.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

We are asked in this tax assessment appeal to review the trial court's independent valuation of taxpayer's property for the taxable years 1984 and 1985. The issues presented to us are (1) whether the evidence of one of plaintiff-taxpayer's disinterested witnesses was "competent" for the purposes of shifting the burden of proof from the taxpayer to the board of review under Iowa Code section 441.21(3) (1985); if not, (2) whether such evidence is relevant for any purpose under the record in this realty tax valuation trial; and (3) whether the assessment value fixed by the trial court is correct.

The trial court appears to have considered the evidence of one of taxpayer's witnesses, challenged as incompetent by the defendant-board of review, in its valuation, and appears not to have decided the burden of proof issue. We conclude that the challenged evidence is incompetent for the purpose of shifting the burden of proof and under the applicable statutes is irrelevant in the final consideration of the case. We find, however, that plaintiff-taxpayer did carry her burden of proof; therefore, we affirm the trial court's judgment.

I. *Background facts and proceedings.* Plaintiff-taxpayer Rosamond J. Ross is the owner of a converted single-family residence now containing four rental apartment units in Iowa City. The building is located approximately two blocks from the University of Iowa campus and Ross' tenants are mainly university students. The building is in fairly good condition and, due primarily to its prime location, has had no extended vacancies since the taxpayer acquired the property.

For the tax assessment years 1983, 1984 and 1985, Ross protested the city tax assessor's valuation as excessive. *See* Iowa Code § 441.37(2) (1985). The Iowa City board of review adjusted the valuation on Ross' property in those three years as follows:

| DATE | CITY ASSESSOR | BOARD OF REVIEW |
| --- | --- | --- |
| January 1, 1983 | $87,830 | $79,000 |
| January 1, 1984 | 79,000 | 79,000 |
| January 1, 1985 | 91,900 | 79,000 |

Ross appealed all three assessments to district court. *See* Iowa Code § 441.38. At trial she presented the valuation evidence of two disinterested witnesses, Don Williams and Kevin Pollard. She and her husband also testified but only to the general condition of the property and not to its value.

The defendant board presented as evidence the city assessor's valuation along with the valuations of two disinterested witnesses of its own, Robert Crane and Keith Westercamp. All four of the disinterested appraiser witnesses agreed that the three basic methods for valuing property are the market data method, cost method and capitalized income method, although they disagreed on the relative merits of each. Their valuations revealed the following figures:

| Witness | Year | Capitalized Income Method | Cost Method | Market Data Method | Final Appraised Value |
|---|---|---|---|---|---|
| Williams | 1984 | $60,000 | – – | – – | $60,000 |
|  | 1985 | 60,000 | – – | – – | 60,000 |
| Pollard | 1984 | 72,500 | 68,500–73,500 | 73,500 | 73,500 |
|  | 1985 | 69,000 | 73,000 | 70,000 | 70,000 |
| Crane | 1984 | 78,520 | 81,380 | 84,000 | 84,000 |
|  | 1985 | 77,730 | 81,380 | 81,000 | 81,000 |
| Westercamp | 1984 | – – | – – | 79,000 | 79,000 |
|  | 1985 | – – | – – | 76,000 | 76,000 |

The parties stipulated that the board's value for 1983 of $79,000 would remain unchanged, and that the value for 1985 determined by the court would be used for 1986.

At the close of evidence, the trial court found that the property had been excessively assessed and reduced the assessed value of the subject property to $75,000 in 1984 and $72,000 in 1985. The board appeals.

Tax valuation appeals are heard in equity. Iowa Code § 441.39 (1983). Our review is de novo. Iowa R.App.P. 4. While we give weight to the trial court's factual findings, we are not bound by them. Iowa R.App.P. 14(f)(7).

■ II. *Competency of Williams' evidence concerning shifting burden of proof.* A taxpayer protesting an assessment before the board of review has the burden to prove a statutory ground for protest. Iowa Code §§ 441.21(3), 441.37. When the taxpayer "offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed." Iowa Code § 441.21(3).

In her appeal to the district court, Ross challenged the board's assessment as being excessive and inequitable. Iowa Code §§ 441.37(1), 441.38. While Ross presented evidence by two disinterested witnesses, defendant asserts that the evidence presented by Williams was not competent because it did not reflect the exchange value of the property.

The legislature has prescribed a statutory scheme that must be followed concerning real estate valuation for tax assessment purposes. Property is taxed at its assessed exchange value or market value as outlined in Iowa Code section 441.-21(1)(b) which states in part:

The actual value of all property subject to assessment and taxation shall be the fair and reasonable market value of such property except as otherwise provided in this section. "Market value" is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing that property, shall be taken into consideration in arriving at its market value.

Assessing market value under the market data approach is contingent upon comparable sales of other properties. The parties agree that adequate sales data of realty comparable to the Ross property were available. All three appraisers other than Williams used comparable sales in arriving at a market data assessment of value. Williams also considered comparable sales but he used them only in calculating comparable capitalized income or "earning capacity" of rental buildings in the vicinity. Williams testified that he found buyers of rental property primarily concerned with the earning capacities of the buildings they purchased. He admitted in his testimony that his sole valuation approach in this case was the capitalization income method.

Whatever merit Williams' position has, paragraph two of Iowa Code section 441.21(2) specifically limits other methods of valuation in this manner:

In the event market value of the property being assessed cannot be readily established in the foregoing manner [fair and reasonable exchange], *then* the assessor may determine the value of the property using the other uniform and recognized appraisal methods including its productive and earning capacity....

(Emphasis added.)

As we stated in *Equitable Life Insurance Co. v. Board of Review*, 281 N.W.2d 821 (Iowa 1979):

Two approaches for ascertaining market value are provided in the statute, the "sales prices" approach and the "other factors" approach. The sales prices approach depends upon the availability of sales prices of the property or comparable property in normal transactions. When market value cannot be readily established in that manner, the other factors approach is to be used.

*Id.* at 823.

By using comparable sales only to estimate a rate of return under the income capitalization method, Williams chose the "other factors" approach of valuation, the statutory alternative, when the statutorily preferred "sales prices" or market data approach could have been used. While "competent" is not defined in Iowa Code section 441.21(3), the fourth definition of competent in Websters Dictionary states: "4: legally qualified or capable ... c: meeting legal requirements as to validity (competent evidence)." *Webster's Third New International Dictionary* (Unabridged) 464 (1976).

We conclude that Williams' evidence did not comport with subsections 441.21(1)(b) and 441.21(2) in that it did not use the "sales prices" approach when adequate evidence of comparable sales was available to readily establish market value by that approach. Therefore, his evidence was not competent under Iowa Code subsection 441.21(3) for the purpose of shifting the burden of proof from plaintiff-taxpayer to defendant-board of review.

Contrary to the board's contentions, however, failing to shift the burden of proof is not equivalent to failing to satisfy the burden of proof. Although the trial court seems not to have considered the burden of proof issue, our conclusion above means that the burden of proof in the district court should have been on Ross, and in our de novo review, that is where we place it.

■ III. *Relevance of Williams' evidence in the overall case.* Defendant also contends that if Williams' testimony is incompetent for the purposes of section 441.21(3), his testimony, therefore, is irrelevant as evidence under this record. We agree.

Iowa Code section 441.21(2) plainly states that other approaches to valuation may be used when the market value of the property being assessed cannot be readily established by the comparable sales price approach. *See Bartlett & Co. Grain v. Board of Review*, 253 N.W.2d 86, 87 (Iowa 1977) (use of other factors approach appropriate "if and only if" the exchange value cannot be readily established). Ross concedes that adequate comparable sales were available to make the comparable sales approach feasible. Thus, under the applicable statutes and authorities, the "other factors" approach was not relevant under this record.

Evidence in the record indicates that Ross challenged the assessment of her realty pursuant to Iowa Code section 441.37(2), which allows a taxpayer to protest an assessment that he or she believes is "more than the value authorized by law." To show an assessment is excessive under the law, one must use the assessment methods as prescribed by the law. Williams did not do so; therefore, his evidence is not relevant under this record to the correct legal assessment of the Ross property.

This result is distinguishable from the conclusion we reached recently in *Richards*

*v. Hardin County Board of Review,* 393 N.W.2d 148 (Iowa 1986). In that case, testimony by the plaintiff-taxpayer was not competent for purposes of shifting the burden of proof under Iowa Code section 441.-21(3) from the taxpayer to the board, but was competent as evidence generally because the taxpayer had used comparable sales to reach his personal value estimation. As a witness, that taxpayer followed the statutorily prescribed scheme. Williams did not. Thus, we do not consider his evidence in fixing a value upon our de novo review.

■ IV. *Correctness of the valuation.* We operate under no presumption of correctness of the board's determination. Iowa Code § 441.39. While our review is de novo, we take note that the trial court was able to hear and evaluate the testimony of each witness. It arrived at an assessment valuation for 1984 of $75,000 and for 1985 of $72,000. The 1985 appraisal estimates of Pollard, Crane and Westercamp, the three disinterested witnesses giving competent valuation evidence, were at least $3000 less than their 1984 estimates. The trial court seems to have placed considerable weight on the evidence produced by the witness Pollard whose estimated appraisal values come closest to the figures determined by the trial court. Pollard's report was particularly extensive and well documented, and we find it persuasive.

Upon our de novo review we agree with the trial court that the fair market value of the realty in question is $75,000 for 1984 and $72,000 for 1985. The 1985 value shall also be used for 1986 pursuant to the stipulation of the parties.

V. *Disposition.* On review of the entire record, we conclude that Ross met her burden of proof in the district court. The board's assessment was excessive and inequitable and we affirm the trial court's valuations. This decision shall be certified by the district clerk of court to the county auditor, and the assessor, who shall correct the assessment books accordingly. *See* Iowa Code § 441.39.

AFFIRMED.