**SEARS, ROEBUCK & CO.,**
**Plaintiff–Appellant,**

v.

**Robert M. SIEREN, Chairman, Ken W. Johnston, Joseph R. Bush, Wayne J. Doolittle and Ralph C. West, as Members of the Board of Review of the City of Davenport, Iowa, Defendants–Appellees.**

No. 89–662.

Court of Appeals of Iowa.

June 26, 1990.

Hallie E. Still–Caris of Lane & Waterman, Davenport, and Robert M. Sarnoff and Michael F. Baccash of Sarnoff & Baccash, Chicago, Ill., for plaintiff-appellant.

John R. Martin, Corp. Counsel, Davenport, for defendants-appellees.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Sears, Roebuck & Co., taxpayer-appellant and the owner of an anchor store in a Davenport shopping mall, appeals a trial court decision affirming the Board of Review, who affirmed the assessor's valuation of the property for 1987 and 1988.

Appellant, Sears, Roebuck & Co., challenged the 1987 real estate tax assessment of $4,990,090 before the Board of Review of the City of Davenport. The Board denied relief. The taxpayer filed for relief in the district court. The taxpayer also challenged before the Board of Review the 1988 assessment of $4,990,090. Relief was denied. The taxpayer then filed a second case in the district court. The two cases were consolidated for trial. The trial court affirmed the valuation of the assessor and the Board in both cases. We affirm the district court.

The property in question is an eight-year-old, single-tenant anchor retail department store, including 111,097 square feet of building area situated on approximately 12.11 acres of land. The property is owned by Sears, Roebuck & Co. and is used as a Sears retail department store.

## I.

■ The first issue deals with the burden of proof. Iowa Code section 441.21(3) (1987) provides, in part:

> The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable or capricious; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed.

The parties disagree on whether Sears met the requirements of the statute so as

to shift the burden back to the Board. We find Sears did not.

Sears sought to meet the requirements of section 411.21(3) for shifting the burden of proof to the Board through the testimony of two witnesses, Michael Kelly and Robert Boyle. These men are both employees of Real Estate Analysis Corporation. The Board contends their testimony should be considered the testimony of one witness under the dictates of the statute.

There was one written appraisal made by Real Estate Analysis Corporation. The appraisal was entered as an exhibit by Sears. The single appraisal was signed by both Kelly and Boyle. Kelly testified extensively as to the appraisal. Boyle's testimony was extremely brief. Boyle's testimony did no more than confirm his answers on direct and cross-examination would be substantially similar to the answers given earlier in the day by Kelly. Kelly had testified this was a complicated appraisal and consequently more than one person worked on it. Kelly said Boyle was primarily responsible for gathering data; and he and Boyle would confer daily on the appraisal. Kelly testified he was the one to generally make the decision.

Boyle testified in essence his appraisal and Kelly's appraisal were a single appraisal. We find while Boyle presented data for the appraisal, he made no separate appraisal. *See Richards v. Hardin County Board of Review*, 393 N.W.2d 148, 150 (Iowa 1986). The appraisal of Real Estate Analysis Corporation was a single appraisal that represented the joint efforts of several people, including Boyle and Kelly, working collectively to arrive at a single answer. Boyle and Kelly both gave testimony in support of the single answer which resulted from their collective efforts. Boyle merely parroted the testimony of Kelly without any evidence Boyle exercised any independent judgment in his evaluation.

We recognize the complexity of assessing this property and are aware an entity making an assessment may require services of more than one person. But the end product of such an assessment is one as-

sessment. We consider Kelly and Boyle as one disinterested witness. We, therefore, find the burden of persuasion remains with Sears. Sears, therefore, must establish by a preponderance of evidence the challenged valuation is excessive, inadequate, inequitable, or capricious. *Richards v. Hardin County Board of Review*, 393 N.W.2d 148, 151 (Iowa 1986); *Wunschel v. Board of Review*, 217 N.W.2d 576, 578 (Iowa 1974).

Sears' argument focuses substantially on its contention that a single space in a shopping mall occupied by a large anchor tenant is not comparable to space in a shopping mall occupied by a series of smaller tenants.

 Iowa Code section 441.21 establishes the "sale price" approach as a primary valuation method. But it does not prohibit the use of "other factors" along with sale price when data on the latter is limited. *Cablevision Assocs. VI v. Fort Dodge, Iowa, Board of Review*, 424 N.W.2d 212, 216 (Iowa 1988). The sale price approach, however, is primary and should be used whenever possible. *Id.; see also Equitable Life Ins. Co. v. Board of Review*, 281 N.W.2d 821, 825 (Iowa 1979). Only if an exchange value cannot be readily established by the sales price approach is it to be ascertained by other factors. *Barlett & Co. Grain v. Board of Review, etc.*, 253 N.W.2d 86, 87 (Iowa 1977).

 Contrary to Sears' argument, we find substantial evidence to establish a sales price approach and find a sales price approach is justified. Witnesses for both parties presented evidence of what they considered comparable sales. However, only Sears presented evidence of sales of single-tenant anchor shopping center stores. Whereas the Board's evidence dealt with sales of other shopping mall property, Sears contends the Board's sales cannot be used because adjustments need to be made before comparability can be established.

The Board presented evidence of what they considered to be eighteen comparable sales. These include six sales in Davenport, one sale in Bettendorf, and one or

more sales in each of the following Iowa cities: Ames, Coralville, Urbandale, Des Moines, Iowa City, Clive, and Dubuque. Considering these sales, the Board's appraiser arrived at a value of $6,100,000, or $52 per square foot.

The sale closest in proximity was the North Park Shopping Mall on Kimberly Road and Brady Street in Davenport. The mall sold in 1964. The North Park surrounds the Sears property. The selling price was $94.45 per square foot.

We find the Board has presented evidence of sales of shopping mall retail space that is essentially comparable to the Sears store. The issue is not are the properties identical. Similar does not mean identical. Similar means having a resemblance, and properties may be similar even though they have some different characteristics. *See Redfield v. Iowa State Highway Commission,* 251 Iowa 332, 341–42, 99 N.W.2d 413, 418–19 (1959). Practical considerations must enter into such judgments that cannot be established by fixed rules and formulas. *See Bartlett & Co. Grain v. Board of Review,* 253 N.W.2d 86, 93 (Iowa 1977); *Gradison v. State,* 260 Ind. 688, 702–03, 300 N.E.2d 67, 78 (1973).

■ We agree with Sears the difference between a large anchor store space and small retail shop space in a shopping mall is one factor to consider, *see GRF Inc. v. Board of Assessors of the County of Nassau,* 41 N.Y.2d 512, 393 N.Y.S.2d 965, 362 N.E.2d 597 (N.Y.1977); *Magna Investment & Development Corporation v. Pima County,* 128 Ariz. 291, 625 P.2d 354 (App. 1981). We do not accept Sears' argument that because of this difference the properties are not comparable sales. We affirm the trial court.

AFFIRMED.