# IN THE SUPREME COURT OF IOWA

No. 07–0363

Filed August 7, 2009

**KATHLEEN J. COMPIANO, MOSS PROPERTIES, LLC, MARIAH HOWARD,** and **EVAN HOWARD,**

Appellants,

vs.

**BOARD OF REVIEW OF POLK COUNTY,**

Appellee.

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

Appeal by taxpayers from decision by district court in a proceeding to protest an assessment of real estate for tax purposes. **AFFIRMED.**

Dennis P. Ogden of Belin Lamson McCormick Zumbach Flynn, PC, Des Moines, for appellants.

John P. Sarcone, County Attorney, and Ralph E. Marasco, Jr., Assistant County Attorney, for appellee.

**CADY, Justice.**

In this appeal by the owners of real estate from a decision by the district court denying a protest of the assessment of the real estate, we affirm the decision of the district court.

## I. Background Facts and Proceedings.

Kathleen Compiano owns a one-half interest in a parcel of real estate located at 7900 Hickman Road in Windsor Heights. The other owners are Mariah Howard, Evan Howard, and Moss Properties, LLC. The parcel covers approximately eight acres. An 84,000 square foot building is located on the property. Kathleen and the other owners purchased the property in 1985. For many years, the building was occupied by a Richman Gordman retail store under a lease, which continued after Kathleen and the other owners purchased the property. A distributing company took over occupancy of the building under a fifteen-year lease in 1990 after Richman Gordman filed for bankruptcy protection. The lease arrangements have provided a profitable return for the owners.

The property has been managed by Thomas Compiano since it was purchased by the owners. Thomas Compiano is the son of Kathleen. At the time of trial, Kathleen was eighty-six years old.

In early 2005, the distributing company notified Thomas Compiano it would not renew the lease and planned to move its operation from the building on August 31, 2005. Since that time, Compiano has had only modest success in finding new tenants to occupy the entire space of the building. He has also attempted, without success, to sell the property with the help of David Little, a vice-president of Terrus Real Estate Group. Little became the listing agent for the property in July 2006.

The Polk County Assessor valued the property for tax purposes on January 1, 2005, at $4,179,000. The owners timely protested the

assessment in May 2005 by filing a petition with the Polk County Board of Review. They claimed the property was assessed for more than the value authorized by law and ultimately asserted the assessed value should be $3.5 million. Following a hearing, the board of review determined the market data showed the property was not overassessed. It denied the protest.

The owners filed an appeal from the decision by the board of review with the district court. The district court heard the appeal in October 2006. Little and Compiano both testified at the hearing the real estate had a market value of $3.5 million.

Little testified he sought to determine the market value of the property after he became the listing agent. He was unable to find any sales of comparable property in Windsor Heights within the preceding six-month period that would allow him to value the property under the comparable-sales method of valuation. Instead, he valued the property under the income method of valuation. Under this method, he considered the amount of income produced by the property and applied a capitalization rate to reach a market value of $3.5 million. He believed the comparable-sales approach to valuation can be misleading in the commercial real estate market and has found from his experience that investors in commercial real estate reach a sales price based on the income potential of the property.

Compiano testified he has been unable to lease all of the available space in the building after the distributing company left in August 2005. He also testified one of the tenants in the building would be leaving in 2008, and the building was in need of maintenance and updating. Compiano is a CPA and has been involved in the commercial real estate business in the Des Moines area for over twenty-five years. He testified the value of commercial real estate is driven by the cash flow of the property, and this

concept was largely responsible for his opinion that the property had a value of $3.5 million.

The board presented evidence from a commercial appraiser with the Polk County Assessor's Office in support of the appraisal. It also introduced a two-page summary of an appraisal analysis of the property prepared by a former commercial appraiser of the assessor's office. This report was prepared by the assessor's office for the board of review. The owners objected to the report as hearsay.

The district court denied the protest appeal. It found the owners "did not meet their burden to have two 'disinterested' witnesses testify." It also found comparable sales in the Des Moines area could have been utilized to value the property under the comparable-sales approach, and the owners improperly limited their search for comparable sales. Finally, the district court determined the assessment analysis performed by the county assessor was sound.

The owners filed an appeal from the decision of the district court that presents four claims of error. First, they claim the district court misapplied the burden of proof in tax-assessment cases by requiring the owners to produce two disinterested witnesses to testify to the value of the property as a prerequisite to establishing their claim that the property was overassessed. Second, they claim the district court erred in finding Little and Compiano were not disinterested witnesses. Third, they claim the appraisal analysis introduced by the board was hearsay, and the district court erred in admitting it into evidence. Finally, they claim the evidence produced at the hearing before the district court supported a finding that the assessment should be reduced to $3.5 million.

## II. Standard of Review.

We review tax protests de novo. *Boekeloo v. Bd. of Review*, 529 N.W.2d 275, 276 (Iowa 1995).

## III. Overview of Applicable Law.

Real estate in Iowa is assessed for the purpose of annual taxation. Iowa Code § 428.4 (2003). The assessment determines the value of the real estate as of January 1 of the year of the assessment, and the amount of the assessment is used to determine the amount of taxation. *See id.*

The county assessor values and assesses the real estate and reports the results to the director of revenue. *Id.* *See generally id.* § 441.17 (discussing duties of assessor). Property is assessed at its actual value, *id.* § 441.21(1)(*a*), which is determined by the market value of the property in the year the property is valued, *id.* § 441.21(1)(*b*). The assessor is guided by certain statutory requirements in determining the market value of real estate, as well as written rules adopted by the department of revenue. *Id.* § 441.21(1); *Soifer v. Floyd County Bd. of Review*, 759 N.W.2d 775, 778–79 (Iowa 2009). One of the statutory requirements is the assessor must use the comparable-sales approach to the valuation of real estate when comparable sales are available. Iowa Code § 441.21(1); *Soifer*, 759 N.W.2d at 779 n.2. An assessor can resort to the other methods of valuation only when comparable sales cannot readily be established. Iowa Code § 441.21(2); *Soifer*, 759 N.W.2d at 782 (noting statute requires comparable-sales approach be used unless market value cannot be determined under this method); *see also Ross v. Bd. of Review*, 417 N.W.2d 462, 464–65 (Iowa 1988) (discussing Iowa Code § 441.21).

A taxpayer is permitted to protest an assessment made by the county assessor. Iowa Code § 441.37. A local body known as the board of review hears the protest and is authorized to change the assessment. *Id.* The

grounds for a protest are limited by statute. *Id.* § 441.37(1). They include an inequitable assessment compared with other like property, overassessment of the property, and any error in the assessment of the property.[1] *Id.*

An appeal may be taken from the decision of the board of review to the district court.[2] *Id.* § 441.38. In an appeal from a decision by the board of review, the district court hears the case in equity and determines anew those assessment issues previously presented to the board. *Id.* § 441.39. No new grounds may be raised in district court, but additional evidence may be presented. *Id.* § 441.38. There is no presumption the assessment or valuation at issue was correct. *Id.* § 441.39.

In an appeal by a taxpayer challenging an assessment, the burden at the district court hearing, as before the board of review, is on the taxpayer to prove one of the statutory grounds for protest. *Eagle Foods Ctrs., Inc. v. City of Davenport Bd. of Review*, 497 N.W.2d 860, 862–63 (Iowa 1993); *Equitable Life Ins. Co. v. Bd. of Review*, 281 N.W.2d 821, 824 (Iowa 1979). The taxpayer must establish a ground for protest by a preponderance of the evidence. *Richards v. Hardin County Bd. of Review*, 393 N.W.2d 148, 151 (Iowa 1986). Yet, if the taxpayer

> "offers competent evidence by two or more disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof [shifts to] the officials or persons seeking to uphold such valuation [to establish no grounds for protest exist]."

---

[1]The other grounds to protest are the property is not assessable, the property is exempt from taxes or misclassified, and there is fraud in the assessment. Iowa Code § 441.37(1).

[2]Beginning in the assessment year January 1, 2007, appeals from the board of review regarding assessments, valuations, or equalization may be taken to a statewide property assessment appeal board in lieu of a direct appeal to the district court. Iowa Code § 441.37A(1) (2009). An appeal to the board is a contested case under chapter 17A. *Id.* A party who is adversely affected by the decision of the board may subsequently seek judicial review under chapter 17A. *Id.* § 441.38B.

*Equitable Life Ins. Co.*, 281 N.W.2d at 823 (quoting Iowa Code § 441.21 (1973)).  Ultimately, the burden of proof is one of persuasion.[3]

The procedure in district court actually creates a two-step process. *Carlon Co. v. Bd. of Review*, 572 N.W.2d 146, 150 (Iowa 1997).  The district court first makes an independent determination on the grounds of protest based on all the evidence.  *Id.*; *see also Richards*, 393 N.W.2d at 150 (recognizing district court determines valuation issues based on totality of evidence); *Equitable Life Ins. Co.*, 281 N.W.2d at 827 (stating courts do not fix assessment as an original matter, but only consider grounds for protest urged before the board of review).  If the taxpayer fails to shift the burden of proof to the board, the grounds for protest must be established by the taxpayer.  *Richards*, 393 N.W.2d at 151; *see Ross*, 417 N.W.2d at 465 ("[F]ailing to shift burden of proof is not equivalent to failing to satisfy the burden of proof.").  If the proof offered by the taxpayer fails to establish the grounds for protest, the assessment is affirmed.  *See Equitable Life Ins. Co.*, 281 N.W.2d at 827 (stating a court is not an independent assessing tribunal).  Conversely, if the court determines the grounds of protest have been established, it must then determine the value or correct assessment of the property.  *Carlon Co.*, 572 N.W.2d at 150; *Equitable Life Ins. Co.*, 281 N.W.2d at 827.  This process is the second step.  Here, the court makes its independent determination of the value based on all the evidence. *Cablevision Assocs. VI v. Fort Dodge Bd. of Review*, 424 N.W.2d 212, 214–15 (Iowa 1988); *Richards*, 393 N.W.2d at 150.  If the record is inadequate to determine the value of the property, the court may remand the case for

---

[3]The burden of persuasion actually comes into play after all of the evidence is introduced at the hearing.  2 John W. Strong, *McCormick on Evidence* § 336, at 409 (5th ed. 1999).

additional evidence to make the determination. *Cablevision Assocs. VI*, 424 N.W.2d at 215.

### IV. Issues Presented for Appeal.

Our review of the tax assessment procedure in Iowa helps frame and dispose of the issues presented on appeal. The owners assert the evidence before the district court established the property was assessed for more than the value authorized by law, and the district court should have set the assessed value at $3.5 million. The owners claim the district court failed to reach this conclusion because it misapplied the burden of proof, erred in finding Compiano and Little were not disinterested witnesses, and admitted an appraisal report into evidence at the district court hearing in violation of the rule against hearsay.

**A. Burden of Proof.** It is a basic tenet that the failure to shift the burden of proof in a tax assessment case is not equivalent to the failure to satisfy the burden of proof. *Ross*, 417 N.W.2d at 465. Clearly, the production of competent evidence by two disinterested witnesses in tax assessment cases only pertains to shifting the burden of proof. Nevertheless, appeals from a district court are de novo. We make our own review of the evidence and determine if the burden of proof shifts based on an evaluation of the evidence found in the record.

**B. Competent Evidence of Two Disinterested Witnesses.** We have defined a "disinterested witness" in tax assessment cases as a person "who has no right, claim, title, or legal share in the cause or matter in issue, and who is lawfully competent to testify." *Post-Newsweek Cable, Inc. v. Bd. of Review*, 497 N.W.2d 810, 813 (Iowa 1993). The district court found Thomas Compiano was not disinterested because his mother was an owner of the property, and he managed the property. It found Little was not disinterested because he was the real estate agent for the property.

The statute not only requires two disinterested witnesses, it also specifically requires the evidence offered by a disinterested witness to be competent before the burden of proof shifts to the board. *Boekeloo*, 529 N.W.2d at 279. Thus, if the evidence offered by the witnesses is not competent, the status of the witness as interested or disinterested is irrelevant to the issue of shifting the burden of proof. Evidence is competent under the statute when it complies "with the statutory scheme for property valuation for tax assessment purposes." *Id.*; *accord Soifer*, 759 N.W.2d at 782 (quoting *Boekeloo*, 529 N.W.2d at 279).

The legislative scheme for the valuation of real estate for purposes of assessing taxes begins with the market-value approach, based on "comparable sales of other properties." *Ross*, 417 N.W.2d at 464; *see also* Iowa Code § 441.21(1)(*b*); *Soifer*, 759 N.W.2d at 782. Under our statutory scheme, the alternative methods to the comparable-sales approach to valuation of property cannot be used when adequate evidence of comparable sales is available to readily establish the market value by that method. *Ross*, 417 N.W.2d at 465. Thus, a witness must first establish that evidence of comparable sales was not available to establish market value under the comparable-sales approach before the other approaches to valuation become competent evidence in a tax assessment proceeding. *See Soifer*, 759 N.W.2d at 782 (noting if evidence "does not comport with the statute, the evidence is not relevant and is, therefore, inadmissible").

In this case, Little and Compiano both failed to show comparable sales were not available to establish market value. Little essentially took the position that the use of the comparable-sales approach as the sole method to value commercial property of the type in this case would be misleading, and he opined that potential buyers of such property prefer to determine the sales price based on the income potential of the property. Consequently, he

basically substituted his approach to the valuation of commercial property for the approach adopted by the legislature. Even though Little also testified he could find no comparable sales, he limited his search of comparable sales to the first six months of 2006 and further limited his search to the suburb of Des Moines where the property was located. Again, our legislature has provided for a different scheme. Real estate is valued as of January 1 of the assessment year, which in this case was 2005. Additionally, we have previously said that comparable sales do not need to be "within the assessor's geographical area." *Carlon Co.*, 572 N.W.2d at 150. Little acknowledged there were many sales of similar property in the Des Moines area, particularly in West Des Moines and Clive. *See Soifer*, 759 N.W.2d at 792 (holding witness inappropriately limited search for comparable sales to town where property was located rather than canvassing a broader geographic area).

Compiano also ignored the comparable-sales approach to valuing real estate. Like Little, he essentially testified the market price of commercial real estate is driven by the potential cash flow of the property. He failed to consider other sales of like property.

We conclude the opinions on market value expressed by Little and Compiano did not comply with the statutory scheme for valuing property for the purposes of tax assessment. Both witnesses failed to use the sales-price approach to valuing property, and both witnesses failed to show that comparable sales were not readily available in the relevant assessment. Accordingly, the burden of proof did not shift to the board of review.

**C. Proof of Overassessment.** The protest by the owners in this case was that the property was "assessed for more than the value authorized by law." Iowa Code § 441.37(1)(*b*). To prove "an assessment is excessive under the law, [the taxpayer] must use the assessment methods as prescribed by

the law." *Ross*, 417 N.W.2d at 465. In this case, the evidence offered by the owners did not follow the law and was "not relevant under this record to the correct legal assessment" of the property. *Id.* Accordingly, the owners failed to establish the property was overassessed, and we need not consider if the appraisal report offered by the board was improperly admitted into evidence at the district court hearing.

### V. Conclusion.

On our de novo review, we conclude the owners failed to meet their burden of proof. We affirm the decision of the district court.

**AFFIRMED.**

All justices concur except Wiggins, J., who takes no part.