# IN THE COURT OF APPEALS OF IOWA

No. 13-1377
Filed October 1, 2014

**HY-VEE, INC.,**
    Plaintiff-Appellant,

**vs.**

**DALLAS COUNTY BOARD OF REVIEW,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse,

Judge.

Hy-Vee, Inc. challenges a property tax assessment. **AFFIRMED.**

Mark A. Roberts and Dawn M. Gibson of Simmons Perrine Moyer

Bergman PLC, Cedar Rapids, for appellant.

William R. Stiles of Dickinson, Mackaman, Tyler & Hagen, P.C., Des

Moines, for appellee.

Heard by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Hy-Vee, Inc. challenges the property tax assessment valuation of $12,979,690 for one of its West Des Moines properties. Because the valuation is consistent with Iowa law and supported by persuasive evidence, we affirm.

## I.    *Background Facts and Proceedings*

This appeal concerns the property tax assessment valuation of a Hy-Vee grocery store located at 1725 Jordan Creek Parkway in West Des Moines. The tax parcel is 20.95 acres and is improved with a full-service Hy-Vee supermarket. The Hy-Vee store is 91,108 square feet (87,038 square feet on the ground floor, 3170 square feet in a furnished office mezzanine area, and 900 square feet in an unfinished mechanical mezzanine area). It was constructed in 1997, with expansions in 2000 and 2007.[1] In addition to the store and parking areas, the property contains excess land, some used for surface water drainage and some (approximately 4.4 acres) that could be sold for other uses.

The Dallas County Assessor's 2011 tax assessment valued the property at $12,979,690. Hy-Vee petitioned the Dallas County Board of Review, claiming (1) the property was assessed for an inequitable amount "as compared with the assessment of other like property in the County," and (2) the property was assessed for "more than the amount authorized by law." *See* Iowa Code § 441.37(1)(a), (b) (2011) (setting forth the grounds by which to protest a tax assessment). Hy-Vee claimed the property should be valued at $6,489,845.

After the Board affirmed the assessment, Hy-Vee appealed to the district

---

[1] A 5756 square foot expansion was undertaken in 2000, followed by an 11,502 square-foot expansion in 2007.

court.[2]  Trial was held during five days in March and June 2013.  The district court heard testimony from Dallas County's deputy assessor and also took evidence from three valuation experts: Thomas Slack and Kenneth Riggs for Hy-Vee, and Mark Kenney for the Board.  All three experts are members of the Appraisal Institute (MAI) and are MAI certified.

In conducting their assessments, the experts determined the highest and best use for the property.  They then looked to three primary methods of calculating the property's value: comparable sales, replacement cost, and income capitalization.  The experts agreed the value of the property could be established by the comparable sales approach and that the other methods were less reliable.  The following table depicts the experts' valuations and final appraisals using that method:

| Appraiser | Thomas Slack | Kenneth Riggs | Mark Kenney |
|---|---|---|---|
| Highest/Best Use | Large Retail | Large Retail | Grocery Store |
| Per Square Foot | $50 | $60 | $125 |
| GLA | 87,205 | 87,038 | 91,108 |
| Excess Land | $1,740,000 | $1,450,000 | $3,000,000 |
| Comparable Sales Appraisal | $6,106,000 | $6,650,000 | $14,400,000 |
| FINAL Appraisal | $6,100,000 | $6,650,000 | $14,350,000 |

The court evaluated the evidence presented by the experts and determined Hy-Vee had shifted the burden to the Board to uphold the assessed value by presenting competent evidence of two disinterested witnesses that the property's market value was less than the assessed amount.  *See* Iowa Code § 441.21(3)(b) (setting forth the method to challenge tax assessments).  The court ultimately concluded, however, the Board had sustained its burden to

---

[2] Hy-Vee also appealed the assessment of its stores located in Perry.  The Perry property is not at issue in this appeal.

uphold the assessed value because the evidence it presented was more persuasive than the evidence presented by Hy-Vee. *See id.*

In reaching its conclusion, the district court observed Hy-Vee's experts Slack and Riggs believed the best use of the property would be continued use as a retail space (such as large commercial retail), whereas the Board's expert Kenney opined the best use would be continued use as a grocery store. The court acknowledged the property must be assessed "according to its present use." In determining the property's value, Slack used five comparable sales and Riggs used three comparable sales, and each compared only one or two grocery stores, which either had been vacant, were re-purposed after the sale, or were much smaller in size and scale than the Hy-Vee supermarket. Kenney used eleven comparable sales, five of which were active grocery stores located in the Des Moines metropolitan area.[3]

Although the court believed Kenney overestimated the value of the excess land portion of the property, the court found the other aspects of Kenney's appraisal provided the best indicator of the market value of the property. The court reconciled the weaknesses it found in Kenney's appraisal by reducing the value Kenney gave to the excess land portion to reflect the value of that same portion given by Hy-Vee's expert Slack, resulting in a reduction of Kenney's appraisal value of the entire property from $14,350,000 to $13,090,000.

Considering that adjustment, the court concluded the Board had presented persuasive corroboration of the Dallas County assessor's valuation.

---

[3] Five of Kenney's sales comparables were sale/leaseback transactions, as opposed to fee simple transactions. Kenney testified he made the relevant adjustments to those comparisons.

The district court therefore affirmed the Board's ruling assessing Hy-Vee's property at $12,979,690 as of January 1, 2011. Hy-Vee appeals.

## II.    *Scope and Standard of Review*

We review tax protests de novo. *Compiano v. Bd. of Review of Polk Cnty.*, 771 N.W.2d 392, 395 (Iowa 2009). We hold "no presumption as to the correctness of the valuation of assessment appealed from." Iowa Code § 441.39. We give weight to the district court's fact findings, especially with regard to witness credibility, but are not bound by them. *Soifer v. Floyd Cnty. Bd. of Review*, 759 N.W.2d 775, 782 (Iowa 2009).

## III.    *Analysis*

Hy-Vee challenges the valuation of its property at $12,979,690 for the 2011 property tax assessment. Hy-Vee requests this court "find the Dallas County assessment of the Jordan Creek property was for more than the value authorized by law and that the assessment was not equitable as compared with the assessment of other like property."[4] Hy-Vee claims this court should find the correct assessment to be "no more than $6,650,000."

Property in Iowa is assessed for the purpose of annual taxation. *See* Iowa Code § 428.4. The assessment determines the value of the real estate as of

---

[4] Hy-Vee's petition also alleged these two statutory grounds to challenge the tax assessment. *See* Iowa Code § 441.37(1)(a), (b). The district court, however, addressed only the first ground—excessive valuation. The Board claims this is the only challenge properly before this court on appeal. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Because the district court did not address it, we find error is not preserved on Hy-Vee's claim the assessment was not equitable as compared with the assessment of other like property in the county. We therefore limit our discussion to Hy-Vee's challenge that the property is assessed for more than the value authorized by law.

January 1 of the year of the assessment, and the amount of the assessment is used to determine the amount of taxation. *See id.*; *Compiano*, 771 N.W.2d at 395-96. Property is assessed at its actual value, which is determined by the market value of the property in the year the property is valued. Iowa Code § 441.21(1)(a), (b). Market value is defined as "the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property." *Id.* § 441.21(1)(b).

A taxpayer may protest a county's property assessment by filing a petition alleging one of the statutory grounds for appeal with the board of review. *Id.* § 441.37. If the board of review affirms the assessment, the taxpayer may then appeal the board's decision to the district court, which sits in equity to determine the assessment issues previously before the board. *Id.* §§ 441.38, .39. The appealing taxpayer bears the burden of proving by a preponderance of the evidence that at least one statutory ground exists for its protest. *Compiano*, 771 N.W.2d at 396. By offering competent evidence from at least two disinterested witnesses that the property's market value is less than the assessed amount, the taxpayer shifts the burden to the board.[5] *Id.* at 396-97.

Hy-Vee offered the opinions of two valuation experts, Thomas Slack and Kenneth Riggs, which the district court admitted and considered on the merits.

---

[5] Here, neither party challenges whether the experts were disinterested. *See Post-Newsweek Cable, Inc. v. Bd. of Review*, 497 N.W.2d 810, 813 (Iowa 1993) (defining a "disinterested witness" as "[o]ne who has no right, claim, title, or legal share in the cause or matter in issues, and who is lawfully competent to testify").

The Board contends Hy-Vee did not offer competent or persuasive evidence to shift the burden. The Board takes issue with Hy-Vee's experts' choice of comparable properties, claiming they did not rely on "readily available" comparable sales. The Board criticizes the experts' comparable properties because the properties had been vacant, were re-purposed for a different use upon sale, or were much smaller in size and located in different retail markets. The Board also points out the experts concluded the property's best use was continued operation as a retail space, but not specifically a retail space subject to use as a grocery store.

"Evidence is competent under the statute when it complies with the statutory scheme for property valuation for tax assessment purposes." *Id.* at 398 (citation and quotation marks omitted). Section 441.21 defines a property's actual value as its market value and requires the assessor to use sales of comparable property in determining market value, if that sales data is available. *See* Iowa Code § 441.21(1)(b); *Compiano*, 771 N.W.2d at 396 (noting that in determining a property's market value "the assessor must use the comparable-sales approach to the valuation of real estate when comparable sales are available"); *Soifer*, 759 N.W.2d at 779 n.2 ("The legislature has expressed a preference for valuations based on comparable sales."). "[M]arket-value testimony by a taxpayer's witnesses under a comparable-sales approach is 'competent' only if the properties upon which the witnesses based their opinions were comparable." *Soifer*, 759 N.W.2d at 782.

A comparable sale should be similar, but need not be identical. *Sears, Roebuck & Co. v. Sieren*, 460 N.W.2d 887, 890 (Iowa Ct. App. 1990). "Similar

means having a resemblance, and properties may be similar even though they have some different characteristics." *Id.* Here, as noted above, the parties' experts agreed the market value of the property at issue could be determined using the comparable sales. The issue of comparability is left to the sound discretion of the trial court, with the focus on whether the testimony from the two disinterested witnesses was admissible on the question of value rather than on whether the testimony was credible. *Soifer*, 759 N.W.2d at 783-84. We conclude the evidence proffered by Hy-Vee's experts was admissible, the experts were "competent," and the burden of proof was shifted to the Board.

Our focus turns to the evidence presented by the Board. *See* Iowa Code § 441.21(3) ("[If the complaining taxpayer] offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed."); *Compiano*, 771 N.W.2d at 397 (stating if the district court determines at least one ground has been established, it then turns its focus to finding the property's actual value, making an independent determination based on all the evidence presented).

The Board presented the opinion of valuation expert Mark Kenney, who valued the property at $14,350,000. In his sale-comparison analysis, Kenney used eleven comparable sales, five of which were sale/leaseback transactions involving grocery stores in the Des Moines metropolitan area. Hy-Vee takes issue with Kenney's use of sale/leaseback transactions. Kenney testified he made the relevant adjustments to those comparables, and the district court

observed that all the experts acknowledged that sale/leasebacks could be used if adjustments were made. The Dallas County assessor also testified as much. We observe Kenney's average valuation of $125 per square foot was consistent between his sale/leaseback comparisons and his other comparisons. The district court found Kenney's adjusted sale/leaseback comparables "did not askew . . . but rather corroborated [his final appraisal] value of $125 per square foot."

Hy-Vee further challenges Kenney's choice of sales comparisons, claiming he considered intangibles and did not enumerate adjustments for special uses. *See Soifer*, 759 N.W.2d at 782 (noting the issue of comparability has two components: the property used for comparison must be "comparable" and its sale must be a "normal transaction"). Indeed, section 441.21 "does not allow certain intangibles to be included in the valuation." *Merle Hay Mall v. City of Des Moines Bd. of Review*, 564 N.W.2d 419, 423 (Iowa 1997) (citing Iowa Code § 441.21(2) (1993)). The property's special value or use to the present owner, and the goodwill or value of a business using the property should not be considered. Iowa Code § 441.21(2). But the assessor is not required to disregard all intangibles, and the assessor is required to value the property as a going concern. *Id.*; *see Soifer*, 759 N.W.2d at 786 (describing balance between "valuing property based on its present use and yet avoiding the inclusion of prohibited intangibles"). In arriving at market value, an assessor must consider "the probable availability or unavailability of persons interested in purchasing the property." Iowa Code § 441.21(1)(b). The district court relied on Kenney's consideration of the property as a going concern. As Kenney testified, he tried to use occupied properties as comparisons because he believed they were more

representative of this property's value than vacant properties.[6]   And Kenney stated he made adjustments to the comparisons where needed.

Hy-Vee challenges Kenney's effort to compare grocery stores sold for continued use as grocery stores.  Indeed, the use of comparable properties does not need to be identical to the use of the assessed property.  *See Soifer*, 759 N.W.2d at 785.  "Nonetheless, a difference in use does affect the persuasiveness of such evidence because 'as differences increase the weight to be given to the sale price of the other property must of course be correspondingly reduced.'"  *Id.* (quoting *Bartlett & Co. Grain v. Bd. of Review*, 253 N.W.2d 86, 93 (Iowa 1977)).  Under this principle, Kenney's selection of properties that continued to operate as grocery stores enhances rather than undermines the persuasiveness of his evidence.  In focusing on property that matched Hy-Vee's business, Kenney fulfilled his obligation to "classify property according to its present use and not according to its highest and best use."  Iowa Admin. Code r. 701–71.1(1); *see Soifer*, 759 N.W.2d at 779 n.3 (noting that contrary to that rule, appraisers valued restaurant property at issue at its highest and best use, but that witnesses agreed highest and best use was the present use).

Finally, Hy-Vee claims Kenney's appraisal overall "lacked credibility and was contrary to Iowa's legal requirements and good appraising practices."  We find this claim unpersuasive and unsupported by the record.

Ultimately, the district court found the Kenney's appraisal, with a reduction for his overestimation of the excess land, "substantiates" the value of the subject

---

[6] And in contrast to Hy-Vee's experts, Kenney opined the property's location is "excellent," and described the condition of its improvement as "very good."  Kenney also utilized the square footage of the entire store (including the mezzanine) for his appraisal.

property. The court noted Kenney's sales comparables accounted for the present use value of the property whereas Slack and Rigg's comparables did not. *Soifer*, 759 N.W.2d at 788 ("[V]aluing the Soifers' property as if it were not a viable McDonald's would be contrary to the principle that assessed property is valued based on its present use, including any functioning commercial enterprise on the property."); *see Maytag Co. v. Partridge*, 210 N.W.2d 584, 590 (Iowa 1973) ("When an assessor considers the use being made of property, he is merely following the rule that he must consider conditions as they are."); *see also* Iowa Admin. Code r. 701–71.1(1) (requiring property be classified based on its "present use"). We agree with the district court's conclusion that Kenney's appraisal most accurately assessed the value of the property at issue.

In sum, we conclude the Board satisfied its burden of establishing the 2011 property tax assessment valuation of $12,979,690 for Hy-Vee's West Des Moines property located at 1725 Jordan Creek Parkway was not excessive. We therefore affirm the district court's ruling.

**AFFIRMED.**