# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0860
Filed June 10, 2026

———————————

**Iowa 80 Truckstop, Inc., I-80 Investments Co., Inc.,
and Iowa 80 Group, Inc.,**
Plaintiffs–Appellants,

v.

**Scott County Board of Review,**
Defendant–Appellee.

———————————

Appeal from the Iowa District Court for Scott County,
The Honorable Jeffrey C. McDaniel, Judge.

———————————

**REVERSED AND REMANDED**

———————————

Spencer Willems (argued), Deborah M. Tharnish, and Sarah K. Franklin of
Dentons Davis Brown PC, Des Moines, attorneys for appellants.

Benjamin J. Kenkel (argued) and John E. Lande of Dickinson, Bradshaw,
Fowler, & Hagen, P.C., Des Moines, attorneys for appellee.

———————————

Heard at oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

I-80 Investments Company, Inc.; Iowa 80 Group, Inc.; and Iowa 80 Truckstop, Inc.—collectively "Iowa 80"—own and operate the "World's Largest Truckstop," which is in Scott County. The truck stop has several components like convenience stores, restaurants, semitruck mechanic facilities, a pet washing building, a movie theater, industrial storage, and rental space for chiropractic, dental, and barber services. It is spread over nineteen separate parcels of land. The Scott County Assessor increased the assessed value of those parcels as of January 1, 2023.[1] Iowa 80 filed protests with respect to the valuation of the nineteen parcels with the Scott County Board of Review. The board of review did not reduce the valuation of any parcel, so Iowa 80 appealed to the district court under Iowa Code chapter 441 (2023). The district court determined that Iowa 80 failed to provide competent evidence challenging the assessed values and affirmed the decision of the board of review. Iowa 80 appeals.

We review an appeal of a tax protest de novo. *Wellmark, Inc. v. Polk Cnty. Bd. of Rev.*, 875 N.W.2d 667, 672 (Iowa 2016). We "give[] weight to the fact-findings of the district court, but [we are] not bound by them." Iowa R.

---

[1] Iowa Code section 428.7 (2023), titled "Description of tracts—manner," provides:

> A description shall not comprise more than one city lot or other smallest subdivision of the land according to the government surveys, except in cases where the boundaries are so irregular that it cannot be described in the usual manner in accordance therewith. However, descriptions may be combined for assessment purposes to allow the assessor to value the property as a unit.

Here, the assessor valued the parcels separately, and Iowa 80 separately challenged each assessment.

App. P. 6.904(3)(g); *accord Boekeloo v. Bd. of Rev.*, 529 N.W.2d 275, 276 (Iowa 1995). And "we are 'especially deferential to the court's assessment of the credibility of witnesses.'" *Nationwide Mut. Ins. Co. v. Polk Cnty. Bd. of Rev.*, 983 N.W.2d 37, 42 (Iowa 2022) (citation omitted).

Chapter 441 requires that county assessors value property at its "actual value," meaning its "fair and reasonable market value." Iowa Code § 441.21(1)(a), (b)(1). But property owners may protest the assessed value of their property under Iowa Code section 441.37(1). In doing so, "the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable, or capricious." *Id.* § 441.21(3)(b)(2). However, if "the complainant offers competent evidence that the market value of the property is different than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed." *Id.*

In the instant case, Iowa 80 presented testimony and an appraisal from Timothy Schoemehl, a senior managing director of Integra Realty Resources, in an effort to offer "competent evidence" and shift the burden to the board of review to justify the assessor's valuations of the nineteen parcels. When completing the appraisal, Schoemehl did not consider the parcels individually given the fact that all were a part of the truck stop business. Instead, he appraised them as one property. In doing so, he failed to include three of the contested parcels in the appraisal and erroneously included an unrelated parcel not owned by Iowa 80.

Given the one-of-a-kind nature of the truck stop, Schoemehl appraised the property as a whole (minus the three parcels) using three different methodologies and reconciled those to reach a total appraisal value of $20,100,000 (including the erroneously included parcel valuation) or

$19,766,855 (excluding the erroneously included parcel valuation). To reach an individual valuation of each parcel, Schoemehl added the assessor's valuation of the individual parcels (again failing to include the three parcels and erroneously including a parcel not at issue) to reach a total valuation, determined what percentage an individual parcel contributed to that total, and then multiplied his appraised total by that percentage for each parcel.

The district court took issue with Schoemehl's failure to consider three of the parcels, his erroneous inclusion of a parcel not at issue in his appraisal, and several aspects of his methodology when completing the appraisal. We do not necessarily disagree with the district court's concerns regarding Schoemehl's appraisal, though we express no opinion on them. But we disagree with the district court with respect to the import of those concerns. The district court used its concerns to conclude that Iowa 80 failed to present competent evidence that the market value of each parcel was different than the market value determined by the assessor. But the standard for competent evidence is not so rigid. *Nationwide*, 983 N.W.2d at 42. Schoemehl used the relevant approaches—cost, sales, and income—in his appraisal. *See id.* at 43. He also explained his rationale. *See Kohl's Dept. Stores, Inc. v. Bd. of Rev.*, No. 15-1562, 2016 WL 7403722, at *1–2 (Iowa Ct. App. Dec. 21, 2016) (highlighting an appraiser's detailed analysis to conclude the appraiser's opinion was competent evidence). We conclude that Iowa 80's evidence constituted competent evidence, so it cleared the low bar imposed by section 441.21(3)(b)(2) to shift the burden to the board of review. The district court's concerns about that evidence go to the weight of the evidence rather than its status as competent evidence.

Because the district court failed to accept Schoemehl's appraisal as competent evidence, it likewise failed to shift the burden to the board of

review to justify the assessed values of the parcels, so it did not determine whether the board met its burden. Iowa Code § 441.21(3)(b)(2). As a result, we do not have a relevant conclusion to review. And as a court of error correction, *id.* § 602.5103(1), we conclude it is best to remand for the district court to determine whether the board of review met its burden to uphold the assessed value for each parcel at issue.[2]

As to the scope and procedure on remand, we provide two clarifying points. First, we limit the district court's consideration to the sixteen parcels included in Schoemehl's appraisal. Iowa 80 failed to present any evidence, competent or otherwise, as to the market value of parcels 92304920R, 912539202, and 923049007, so Iowa 80's challenge to the assessed values of those parcels fails, and no further action by the district court is needed as to those parcels. Second, as to the other sixteen parcels, the district court shall make the determination whether the board of review met its burden to

---

[2] We recognize that the supreme court declined to remand a property-tax-assessment case to the district court for additional findings in *Richards v. Hardin County Board of Review*, 393 N.W.2d 148 (Iowa 1986). But we find the circumstances of this case distinguishable from those in *Richards*. In *Richards*, the supreme court determined that the district court correctly found that the plaintiff failed to present competent evidence to shift the burden of proof to the board of review. 393 N.W.2d at 150. Because the plaintiff failed to shift the burden, it remained his burden to establish that the challenged valuation was excessive. *Id.* The supreme court determined that the district court ultimately failed to properly consider the plaintiff's testimony in light of his continued burden. *Id.* So, in *Richards*, the appellate court had a ruling to review that applied the proper burden. Here, we do not. Therefore, we find it best to give the district court an opportunity to make a ruling under the shifted burden. If either party takes issue with the resulting ruling, that party will have the right to appeal that ruling and the reviewing appellate court will have an applicable order to review.

uphold the assessed value for each parcel based only on the evidence already presented. No additional evidence shall be permitted.

**REVERSED AND REMANDED.**